[No. 11106. Department Two. June 19, 1913.]

W. F. RASKE, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—DEFECTIVE RAILWAY SWITCH—EVIDENCE—QUESTION FOR JURY. The negligence of a railroad company in failing to inspect a switch, in which two 85 pound track bolts had been placed between the switch point and stock rail in such a manner as to cause the derailment of a train and injury to a trainman, is for the jury, where the engineer of the last train over the switch noticed a rattling, stopped his train and made an inspection of part of the track, and finding nothing wrong notified the dispatcher to have the east switch of the east-bound track inspected by the next train, which was done without finding anything wrong, when an inspection of the east end of both the west and east-bound switches would have disclosed the fault.

SAME—ACTIONS—COMPLAINT—ISSUES, PROOF AND VARIANCE. A complaint against a railroad company based on the negligent maintenance of a defective switch is broad enough to admit of evidence that it had received notice that the switch was defective and negligently failed to inspect the same.

[1]Reported in 132 Pac. 865.

APPEAL—DECISION—REMAND.  Upon reversing a judgment for defendant notwithstanding a verdict for the plaintiff, the defendant is entitled to have its motion for a new trial passed upon by the lower court.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered February 7, 1913, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a fireman through the derailment of an engine. Reversed.

*Govnor Teats, Leo Teats,* and *Ralph Teats,* for appellant.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for respondent.

Morris, J.—Appellant was, on September 19, 1912, employed by respondent as a fireman on one of its passenger trains running between Pasco and Ellensburg. At about 2:30 a. m., the engine on which he was working was derailed while passing over the east end of the west-bound switch near Pomona, breaking some of the steam pipes and inflicting burns upon appellant's body from the escaping steam. Suit was brought, and upon the trial verdict returned for appellant. Respondent then filed a motion for judgment notwithstanding the verdict, and for a new trial upon the usual grounds, in case its first motion was denied. This motion being heard, the lower court granted that for judgment notwithstanding the verdict, but made no order relative to the motion for a new trial; and this appeal follows.

The lower court, we apprehend from the record before us, was influenced in granting the motion for judgment by evidence introduced by respondent showing that two 85-pound track bolts had been placed between the switch point and stock rail in such a manner as to swing the switch point away from the stock rail, allowing the forward trucks of the engine to follow the stock rail until they struck the bolts, knocking them out and permitting the switch point to swing

back into proper position so that the engine drivers followed the main line of track, causing the derailment. Upon these facts; respondent contended that, having fully accounted for the cause of the accident as one relieving it from liability, and this evidence being uncontradicted, there was no fact to be submitted to the jury, and it was entitled to a dismissal.

However this may be, if it was the only point to be considered by the court in ruling upon respondent's motion for judgment, we express no opinion, as there is, in our opinion, another question in the case which made its submission to the jury proper, and error for the court to overrule the verdict. Train No. 2, going east, passed this switch at Pomona at 2 a. m. of the same night. The conductor of this eastbound train testified that, after passing Pomona some distance, he felt something rattling under his train, and applying his emergency air, stopped his train about a mile and a half east of Pomona and made an examination in the endeavor to ascertain if anything was wrong. Not finding anything wrong with his train, he walked back about a mile toward Pomona and examined the track, but finding nothing wrong went on; that when he reached North Yakima he called up the dispatcher and told him of these facts, and suggested that he notify the west-bound train to examine the east switch of the east-bound track at Pomona. The dispatcher then gave order to the west-bound train, upon which appellant was firing, to examine the east switch of the east-bound track at Pomona. The train, arriving at this switch, was stopped and the switch examined. Finding nothing wrong, the train proceeded on its way until it reached the east end of the west-bound switch, when the accident occurred.

Upon this evidence it seems to us a question of fact for the jury whether the respondent performed its whole duty in confining its inspection to the east-bound switch. The jury might have found that, under the circumstances, the conductor of No. 2 did not do his whole duty in calling for an inspection of the east switch of the east-bound track; that if he was im-

pressed with a suspicion that something was wrong with the switch, he should have included the east end of both the west and east-bound switches, and if this had been done and the dispatcher so notified the crew of appellant's train, the situation would have been discovered and the injury prevented. It might also have been found that, when the dispatcher received word from the conductor of No. 2 that something might be wrong with the east end of the east-bound switch, it was his duty to order an examination of the east end of the west-bound switch. Many other questions might arise touching the inquiry which are purely questions of fact, such as whether the conductor of No. 2, passing over these switch points at a high rate of speed in the nighttime, could safely assume that, if there was any trouble at the switch, it was at the point he indicated rather than at the point where the accident occurred.

Respondent suggests that the complaint is not based upon the failure of respondent to properly inspect, but rather upon the negligent maintenance of a defective switch. If, however, respondent had received notice that the switch was defective, and the jury should find that the notice given by the conductor of No. 2 was a sufficient notice of the defective switch, then it was the duty of respondent to inspect that switch, and failing to do so, it maintained a defective switch within the meaning of that charge in the complaint. We think, therefore, the complaint was broad enough to sustain a judgment upon this theory. For these reasons, we are of the opinion the lower court should have denied respondent's motion for judgment notwithstanding verdict.

No order was made by the lower court upon the motion for a new trial. Respondent is entitled to have this motion passed upon by the lower court, and following our practice in such cases, as determined in *Budman v. Seattle Elec. Co.*, 61 Wash. 281, 112 Pac. 356, the judgment of dismissal is reversed, and the case remanded with instructions to the lower court to pass upon the motion for a new trial on grounds other than

the ones here discussed, and if the lower court shall be of opinion that the said motion for a new trial is well taken upon other grounds, the same shall be granted; but if said motion is denied, then judgment shall be entered upon the verdict.

ELLIS, FULLERTON, and MAIN, JJ., concur.