## SYKES v. BENSINGER RECREATION CORPORATION et al.

### No. 5048.

District Court, E. D. Wisconsin.

July 18, 1941.

C. J. Otjen (of Otjen and Otjen), of Milwaukee, Wis., for plaintiff.

Shaw, Muskat and Paulsen, and Van B. Wake, all of Milwaukee, Wis., for defendant Bensinger Recreation Corporation.

Quarles, Spence, and Quarles, and Arthur Wickham, all of Milwaukee, Wis., for defendant Brunswick-Balke Collender Co.

DUFFY, District Judge.

This was an action tried to a jury for damages under the Wisconsin Safe Place Statute, Secs. 101.01 and 101.06, Wisconsin Statutes. At the conclusion of the testimony, defendant moved for a directed verdict. Under Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the court reserved ruling. The jury returned a special verdict favorable to the plaintiff. The defendant moved (1) that the court change the answers to questions Nos. 1, 2, and 3 of the special verdict from "Yes" to "No", and for judgment upon the verdict as so changed; (2) for judgment n.o.v.; and (3) for a new trial upon the usual grounds such as alleged error of admission and rejection of evidence; alleged error of instructions to the jury; because the verdict was contrary to the evi-

dence; because the verdict was perverse; and because the damages awarded were excessive. In a written opinion the court indicated that the award of damages was excessive, but gave the plaintiff an option to remit $4,000 of the amount found by the jury, and upon the failure of the plaintiff to exercise such option, indicated that a new trial would be granted. The plaintiff exercised such option, and an order for judgment in favor of the plaintiff was entered. This order did not specifically state that the motions for a new trial were denied, although it was so understood by all parties concerned.

On appeal, the judgment of this court was reversed. 7 Cir., 117 F.2d 964. Although the statement of points on the appeal included the alleged error of the court as to the amount of damages, and with reference to the admission and rejection of evidence, the appellate court did not indicate any error in the conduct of the trial. A reference to the opinion, and especially to Judge Treanor's dissenting opinion, clearly shows that the decision of the appellate court was based entirely on a question of law. The dissenting judge believed that the Wisconsin Supreme Court had so interpreted the Safe Place Statute that, to quote him, "the 'place' in question was not 'safe' within the requirements of the Wisconsin statute." The other two judges came to a contrary conclusion. The mandate of the appellate court was: "The judgment is reversed with directions to grant a new trial." p. 968.

The matter now before the court is the request of the plaintiff that a new trial be had, and the motion of the defendant to dismiss the complaint and the action on the merits, and the motion of the impleaded defendant for judgment dismissing the cross complaint.

■ It would seem that the view taken by the appellate court as to the proper interpretation of the Wisconsin Safe Place Statute would make another trial a useless proceeding. It is not clear why the appellate court has ordered a new trial. No point was made in the appellate court that this court had not specifically and formally denied the motion of defendant for a new trial. In fact, upon the motions now before the court, counsel have not made that contention. Undoubtedly all of the parties, as well as the court, considered that that motion was disposed of in ordering judgment for the plaintiff. However, in view of the opinion of the Supreme Court in Montgomery Ward

and Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147, it apparently was the duty of this court to have specifically stated that the motion for a new trial was denied. The court says (311 U.S. at pages 253, 254, 61 S.Ct. at page 195, 85 L.Ed. 147):

"If alternative prayers or motions are presented, as here, we hold that the trial judge should rule on the motion for judgment. Whatever his ruling thereon he should also rule on the motion for a new trial, indicating the grounds of his decision. If he denies a judgment n.o.v. and also denies a new trial the judgment on the verdict stands, and the losing party may appeal from the judgment entered upon it, assigning as error both the refusal of judgment n.o.v. and errors of law in the trial, as heretofore. The appellate court may reverse the former action and itself enter judgment n.o.v. or it may reverse and remand for a new trial for errors of law. * * *"

The Supreme Court further states (311 U.S. at page 255, 61 S.Ct. at page 196, 85 L. Ed. 147): "In the circumstances, we think the failure of the District Court to rule in the alternative on both matters can be cured without depriving the defendant of opportunity to have its motion for a new trial heard and decided by the trial court, by modifying the judgment below to provide that the cause be remanded to the District Court to hear and rule upon that motion."

In the instant case, however, it was the defendant who made the motion for a new trial. The reasons set forth were actions by the court which were favorable to the plaintiff. The appellate court has decided the law in the case in favor of the defendant. Certainly the defendant is no longer interested in the motions that it made for a new trial. The plaintiff is in no position to urge a new trial on the grounds set forth by the defendant, as each reason alleged was action taken by the court which was favorable to the plaintiff.

■ It is the desire of this court to strictly follow the mandate of the appellate court, but it is hard to believe that the appellate court intended that this court should go through the motions of another trial which would necessarily result in a directed verdict.

A new trial will be ordered to the extent that this case will again be listed upon the trial calendar of this court. The court will then grant the motion of the defendant for judgment dismissing the complaint and the

action, and likewise will grant the motion of the impleaded defendant for a dismissal of the cross complaint as to it.