## ALLEGHENY COUNTY, PA., v. MARY-LAND CASUALTY CO.

### No. 8788.

District Court, W. D. Pennsylvania.

Nov. 14, 1941.

Edward G. Bothwell and Harry V. Bair, Asst. Co. Sols., both of Pittsburgh, Pa., for plaintiff.

Oliver K. Eaton, of Pittsburgh, Pa., and Duane R. Dills and Jack J. Levinson, both of New York City, for defendant.

GIBSON, District Judge.

On October 28, 1941, this court ordered the entry of judgment in favor of the defendant notwithstanding verdict in favor of plaintiff. Plaintiff, basing its action up-on Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147, has moved the vacation of that order, so that simultaneous orders may be made upon the defendant's motion for judgment and its alternative motion for a new trial. The defendant has opposed the motion, basing its opposition largely upon the tangible action of the Supreme Court in the case cited.

An examination of that case makes it plain, however, that the court intended not only to decide the matter in issue but also to lay down an authoritative interpretation of Rule 50(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the control of the lower federal courts. Being of that opinion this court feels that the order for judgment must be vacated, to be reinstated when it rules upon the defendant's alternative motion for a new trial.

At the same time the plaintiff filed its motion to vacate the order for judgment it filed an amendment to its amended complaint, and asked the court for an order approving it. By the amendment the plaintiff seeks to include in its pleadings an allegation of breach of the obligation of Poole to repair and replace parts of the voting machines for a period of five years, not set forth in the pleadings prior to verdict. The request is founded on the contention of plaintiff's counsel that testimony relative to the subject matter was received on the trial on the part of both parties, and with the consent of the defendant, see Rule 15(b), R.C.P. The defendant's counsel joined issue with the contention, and the record seems to bear them out. In its general charge, and by its affirmance of a requested instruction, the court in substance held that the obligation of Poole, under Specification 12 of its contract, was to restore the machines to their original condition, not to redesign or reconstruct them. While the words "alteration", "repair" and "replacement" appear in the record, the damage claimed is not for breach of the 12th Specification, as interpreted by the court, but is for exhaustive experimental work, redesigning and reconstructing the machines and for the cost of exhaustive experimental work upon them. If we are correct in our review of the testimony, a breach of the 12th Specification was not the subject of contending testimony upon the trial, and the proposed amendment

should not be allowed; and if not correct, the appellate court may consider the testimony without amendment. The proposed amendment, for the reasons recited, will not be approved by the court.