FRANK J. ALLISON v. CHICAGO GREAT WESTERN RAILWAY COMPANY.[1]

April 29, 1955.

No. 36,506.

[1]Reported in 70 N. W. (2d) 278.

436

*William A. Tautges, Robert M. Austin, Harry H. Peterson, Frank L. Brady,* and *Paul F. Clements,* for relator.

*David L. Grannis, Jr.,* and *Luther M. Stalland,* for respondent.

CHRISTIANSON, JUSTICE.

Upon the relation of plaintiff this court granted an order directing the trial court to show cause why a peremptory writ of mandamus should not issue commanding it to vacate an order granting a new trial and to enter judgment upon the verdict.

The action was brought by plaintiff under the Federal Employers' Liability Act against defendant to recover damages for personal injuries sustained on July 22, 1950, while he was engaged in his employment by defendant at Oelwein, Iowa. Plaintiff claimed that defendant permitted spikes to project from its railroad ties in the yard where he was working so that, as a result, he came into contact with one or more of them, tripped, and fell across a rail, sustaining permanent injuries to his back.

Defendant denied liability and the extent of the injuries claimed by plaintiff and as a further defense alleged that on August 11, 1950, in consideration of $200, plaintiff had released it from all claims arising out of the accident.

In his reply plaintiff denied that he had signed a release for his injuries and alleged that, if he signed such an instrument, it was under the belief that the $200 paid therewith represented only his loss of wages between July 23, 1950, and August 11, 1950, occasioned by his injuries. He further alleged that he was induced to sign the instrument by the false statements of defendant's physician that he had fully recovered from his injuries and could resume his regular employment at that time. He offered to credit the $200 against any verdict received.

The trial resulted in a verdict for plaintiff in the amount of $18,000. Thereafter defendant made an alternative motion for judgment notwithstanding the verdict or for a new trial. The court granted defendant's motion for judgment notwithstanding the verdict but did not rule on its motion for a new trial. Plaintiff appealed to this court from the order granting defendant judgment notwithstanding the verdict. We reversed and reinstated the verdict. Allison v. Chicago G. W. Ry. Co. 240 Minn. 547, 62 N. W. (2d) 374.

Subsequent to the filing of our decision, defendant made a motion to have the trial court rule on the motion for a new trial which had previously been heard as an alternative motion. Prior to the return day, defendant moved to supplement its motion by alleging certain newly discovered evidence as additional ground for granting a new trial. Plaintiff filed objections to the trial court's hearing, considering, and determining said motion for a new trial upon the ground that the trial court had no jurisdiction to entertain and decide said motion. Plaintiff also interposed objections to the court's exercising any jurisdiction to hear and decide the motion for a new trial upon the additional ground of newly discovered evidence for the reason that the court lacked jurisdiction to hear and decide said motion, either as originally made or as attempted to be so supplemented.

On July 6, 1954, the trial court filed an order granting a new trial. Thereafter plaintiff moved to vacate said order granting a new trial and to enter judgment upon the verdict in favor of plaintiff and against the defendant for $18,000 together with costs and disbursements to be taxed by the clerk *nunc pro tunc* as of the date of the filing of the decision of this court on the aforesaid appeal. This motion was in all things denied.

On September 14, 1954, the order to show cause why a peremptory writ of mandamus should not issue was issued by this court pursuant to plaintiff's petition. Defendant in its answer thereto asserted that the petition failed to state facts upon which a claim for relief in mandamus can be granted. The record discloses that immediately after the remittitur in the foregoing appeal was filed with the clerk of the district court, the trial court reinstated the verdict in accordance with this court's opinion and entered a stay of all proceedings

pending the determination of defendant's motions. It further appears that judgment has never been entered.

Plaintiff predicates his assertion that the trial court lacked jurisdiction to entertain and decide said motion upon Rule 50.02 of Rules of Civil Procedure which insofar as here material provides:

"(2) A motion for judgment notwithstanding the verdict may include in the alternative a motion for a new trial. When such alternative motion is made and the court grants the motion for judgment notwithstanding the verdict, *the court shall at the same time grant or deny the motion for a new trial,* but in such case the order on the motion for a new trial shall become effective only if and when the order granting the motion for judgment notwithstanding the verdict is reversed, vacated, or set aside." (Italics supplied.) [2]

Plaintiff contends that the portion of the rule providing that the court shall rule on the motion for a new trial at the same time it grants the motion for judgment notwithstanding the verdict not only is mandatory but also is jurisdictional and that, since the trial court did not rule upon defendant's motion for a new trial at the same time it granted the motion for judgment notwithstanding the verdict, it lost jurisdiction thereafter to do so and its order granting a new trial is null and void. Total want of jurisdiction on the part of the trial court to grant a new trial as distinguished from an unjustifiable or erroneous exercise thereof is the controlling question presented for decision here.

■ We agree with plaintiff that the provision in question is mandatory and, had either of the parties so requested before the former appeal was heard, we would have remanded the case to the trial court for the purpose of having it rule upon the motion for a new trial as was done in Montgomery Ward & Co. v. Duncan, 311 U. S. 243, 61 S. Ct. 189, 85 L. ed. 147. Furthermore, had we contemplated any necessity therefor, we would have expressly provided in our

---

[2] As noted in 2 Youngquist & Blacik, Minnesota Rules Practice, p. 516, "The requirement of a ruling upon each of the motions adopts the practice suggested in Montgomery Ward & Co. v. Duncan, 311 U. S. 243, 61 S. Ct. 189, 85 L. Ed. 147." See, also, 36 Minn. L. Rev. 688 and footnote 8 on the same page.

opinion that "when the remittitur goes down the trial court will then reconsider and rule on the motion for a new trial." See, Waldo v. St. Paul City Ry. Co. 244 Minn. 416, 426, 70 N. W. (2d) 289, 295.

In view of the fact that defendant's original motion for a new trial was timely made and was initially heard within the period prescribed by Rule 59.03, we find no merit in plaintiff's contention that the trial court did not have jurisdiction to decide the original motion for a new trial. Defendant was clearly entitled to have a ruling on this portion of its alternative motion. See, 14 Dunnell, Dig. (3 ed.) § 7071. As previously noted, judgment has never been entered in the case. Rule 59.05 expressly provides that not later than ten days after entry of judgment, the trial court on its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party and in the order shall specify the grounds therefor.

Since the order granting a new trial in the instant case initially states that a new trial is ordered for all the reasons set forth in defendant's original motion for a new trial which included certain alleged errors of law, and since the jurisdiction of the trial court to rule thereon affirmatively appears, it becomes unnecessary to consider the propriety of the separate and disjunctive orders of the trial court granting a new trial on the ground of newly discovered material evidence which was not included in the original motion and ordering a new trial on its own initiative on the grounds that the verdict of the jury was not justified by the evidence and that the interest of justice requires a new trial.

■ We find no merit in plaintiff's contention that he is entitled to a writ of mandamus for the additional reason that the trial court's order granting a new trial is not appealable and that therefore he has no other adequate legal remedy. As we recently stated in Briggs v. Chicago G. W. Ry. Co. 243 Minn. 566, 569, 68 N. W. (2d) 870, 872:

"* * * A review by mandamus of a trial court's order granting a new trial cannot be resorted to any more than certiorari can be used to review such an order. Were we to hold otherwise, a party could accomplish indirectly by mandamus or certiorari that which

he cannot accomplish directly by an appeal. The legislature has authorized an appeal from an order granting a new trial only where the trial court expressly states that it was granted exclusively for errors of law occurring at the trial. The appeals statute is not to be rendered nugatory by circumvention."

For the foregoing reasons the order to show cause why a peremptory writ of mandamus should not issue is discharged.

Order to show cause discharged.