**George MANAIA et al., Plaintiffs,**

**v.**

**POTOMAC ELECTRIC POWER COMPANY, Defendant.**

**Civ. A. No. 9057.**

United States District Court
D. Maryland.

Sept. 24, 1958.

Herbert M. Brune, Baltimore, Md., Sheldon E. Bernstein, Wilmer S. Schantz, Jr., Newmyer & Bress, Washington, D. C., R. Edwin Brown, Harper M. Smith, Rockville, Md., for plaintiffs.

Richard W. Emory, Robert R. Bair, Joseph France, Venable Baetjer & Howard, Baltimore, Md., William B. Jones, Hamilton & Hamilton, Washington, D. C., of counsel. Cornelius Means, Washington, D. C., for defendant and third party plaintiff.

R. DORSEY WATKINS, District Judge.

■ Plaintiffs have moved, and defendant has not opposed the motion, that the judgment be amended to include a ruling on defendant's alternative motion for a new trial. On the authority of Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 253, 254, 61 S.Ct. 189, 85 L.Ed. 147, cited by plaintiffs and defendant, the motion is hereby granted.

In brief summary, the main grounds of defendant's motion for a new trial, and the views of the court thereon, are as follows:

1. The verdicts were contrary to "all the evidence", and the law.

■ These contentions, if valid, call for judgment n. o. v., which has been entered, and not for a new trial.

2. The verdicts were excessive.

The total of all the verdicts is substantial, but so were the injuries to and pecuniary losses of the plaintiffs. Some of the individual verdicts are larger than those which the court sitting as a jury would have rendered; but some are smaller. None of the verdicts, singly, was either so high or so low as to shock the court, or to justify a new trial.

3. Admission of, and refusal to strike, evidence.

The court has reviewed the evidence in question and finds no prejudicial error in its rulings.

4. The allowance of voir dire questions.

The two questions to which defendant presses objection inquired whether a prospective juror (a) would reject the testimony of an eyewitness *merely* because an expert who was not present at the time of the alleged occurrence testified it was impossible or unlikely; or (b) had a fixed impression that reasonable care by a utility company required it to do *only* what might be prescribed by statute or commission regulation.

■ In view of the scope of potential claim and defense, as developed by the pleadings, pre-trial conferences, and the court's experience with related types of litigation, the questions were deemed pertinent in determining the qualifications of jurors. As the case was actually tried, neither of these questions arose. Even if, contrary to the court's then and present belief, these voir dire questions were improper, they could not possibly have been prejudicial.

5. Errors in instructions.

Were each of the court's alleged sins of omission and commission stated and answered in detail, the discussion would exceed in length the preceding opinion on the motion for judgment n. o. v.

Counsel for both sides submitted extensive written requests for instructions well in advance of the charge. The court gave these the best consideration of which it was capable, and combined the acceptable portions into the charge, which was largely reduced to writing and made available to counsel in advance of its delivery. The court has again reviewed the charge, and finds no merits in the exceptions, or in the arguments in support thereof.

Pepco's alternative motion for a new trial is overruled; and plaintiffs' motion to alter or amend the judgment is in all other respects overruled.