Hector DOMINGUEZ, Plaintiff

v.

Jack SAMATARO, Mark
Pereira, Defendants.

No. CIVIL 3:06CV01490 (TPS).

United States District Court,
D. Connecticut.

June 15, 2009.

M. Nawaz Wahla, Wahla & Associates, Hartford, CT, Norman A. Pattis, Law Offices of Norman A. Pattis, LLC, Bethany, CT, for Plaintiff.

Robert B. Fiske, III, Stephen Richard Sarnoski, Attorney General's Office, Hartford, CT, for Defendants.

### RULING ON PLAINTIFF'S MOTION FOR MISTRIAL

THOMAS P. SMITH, United States Magistrate Judge.

In September 2006, the plaintiff, Hector Dominguez, commenced this action under Section 1983 alleging that the defendants, Connecticut State Troopers Jack Samataro and Mark Pereira, either used excessive force against him in violation of his Fourth Amendment rights or failed to intervene while his fellow officer engaged in the excessive use of force. The parties consented to a trial before this Magistrate Judge and, on May 8, 2009, the jury returned a verdict in favor of the defendants. (Dkts. # 19 & 51). During the trial and outside of the presence of the jury, the plaintiff made an oral motion for mistrial, which the court took under advisement, on the ground that questioning by defendants' counsel on cross-examination regarding his incarceration at the time of trial constituted improper impeachment. (Dkt.# 42). Pending before the court is the plaintiff's supplemental motion for mistrial and the defendants' objection thereto. (Dkts. # 54 & 55). As the trial has been concluded and judgment has entered, the court construes the plaintiff's motion as a motion for a new trial pursuant to Federal

Rule of Civil Procedure 59. For the reasons set forth below, the plaintiff's motion is **DENIED.** (Dkt.# 54).

## I. Standard

 Rule 59 provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States...." A motion for a new trial may be based on an argument that the trial was not fair to the moving party. *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). "A motion for a new trial should be granted when, in the opinion of the district court, the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice." *Song v. Ives Labs., Inc.,* 957 F.2d 1041, 1047 (2d Cir.1992). The decision whether to grant a new trial is within the trial judge's discretion. *See e.g., Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 165 (2d Cir.1998). Rule 59 is read in conjunction with Rule 61, which provides in relevant part, that "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial.... At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."

## II. Discussion

 The plaintiff argues that the inquiry by defendants' counsel into his current incarceration was highly prejudicial and unfairly tainted the jury, particularly in view of the fact that he was a pretrial detainee at the time of trial.

Prior to trial, the defendants raised the issue of impeaching the plaintiff with evidence of his prior convictions. The court ruled on the defendants' motion at the pretrial conference and held, consistent with Federal Rule of Evidence 609, that the defendants would be permitted to impeach the plaintiff with the facts of his convictions, i.e. the name of the offenses, the date of the convictions and the sentences imposed. The

court reiterated its ruling on the record prior to the plaintiff's cross-examination. By asking the plaintiff whether he was currently incarcerated, defendants' counsel exceeded this court's ruling, as well as the limitations imposed by Rule 609, regarding the permissible use of the plaintiff's prior convictions to impeach his credibility. *See U.S. v. Estrada,* 430 F.3d 606, 616 (2d Cir.2005); 4 Weinstein's Federal Evidence § 609.20[2] (2d Ed.2009) ("[w]hen a prior conviction is admissible for impeachment, the impeaching party is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence."); *see also Gora v. Costa,* 971 F.2d 1325, 1330 (7th Cir.1992) ("questioning with regard to [plaintiff's] current incarceration, which is highly prejudicial, constitutes improper impeachment testimony....").

There is, however, no indication that the question posed by defendants' counsel regarding the plaintiff's incarceration status resulted in prejudice or unfairly influenced the jury's verdict so as to warrant a new trial. First, the court notes that defendants' counsel made a fleeting reference to the plaintiff's incarceration that appears to have been an inadvertent and unintentional error on his part. Moreover, the weight of the evidence presented at trial supported a defendants' verdict. The plaintiff limited his excessive force claim to the events that occurred inside of his apartment during the course of his arrest. As evidence of damages, the plaintiff introduced photographs of facial injuries, for which he sought medical treatment, and a bruise to his left leg. He also testified to feeling general pain in the days following his arrest. On direct examination, the plaintiff testified that he was struck by the officers in the face and other areas of his body while inside the apartment. However, there was also evidence presented that the plaintiff fell in an attempt to flee from the officers after he had been handcuffed and removed from the apartment, hitting his head and losing consciousness. Further, on cross-examination, the plaintiff answered that he believed that the injuries he sustained, as shown in the photographs, were caused as a result of this fall. The plaintiff had able counsel who

strongly advocated for his constitutional right to be free from the use of excessive force during his arrest. Nevertheless, given the plaintiff's testimony as well as that of the other witnesses, it was reasonable for the jury to find in favor of the defendants on the plaintiff's claim.

### III. Conclusion

For the reasons set forth above, no new trial is warranted and the plaintiff's motion (Dkt.# 54) is **DENIED.**

**IT IS SO ORDERED.**