**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| STOP STARING! DESIGNS, a California corporation, | No. 13-55051 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02014-DSF-AJW |
| v. | |
| TATYANA, LLC, a Nevada corporation, DBA Bettie Page Clothing; TATYANA KHOMYAKOVA, an individual; JAN GLASSER, an individual; DESIGN TECHNOLOGY GROUP LLC, a Nevada limited liability company, DBA Bettie Page Clothing, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 4, 2015
Pasadena, California

---

&ast;      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: MELLOY,[**] BYBEE, and IKUTA, Circuit Judges.

A jury found Bettie Page Clothing (Bettie Page) infringed Stop Staring! Designs's (Stop Staring) trade dress. Citing evidentiary errors, the district court granted a new trial. It later granted a motion to exclude Stop Staring's damages expert in a subsequent trial and to prohibit Stop Staring from seeking lost profits or unjust enrichment. The parties agreed to dismiss all remaining claims, and Stop Staring appealed. We affirm in all respects.

I

Stop Staring sued Bettie Page in March 2009 for trade dress infringement and unfair competition. A jury awarded Stop Staring actual damages and damages for unjust enrichment, but the district court granted a new trial.

Bettie Page moved to exclude Stop Staring's damages expert from a subsequent trial and asked the district court to prohibit Stop Staring from seeking unjust enrichment or lost profit damages. The district court granted Bettie Page's motion.

---

[**] The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

The parties agreed to dismiss all remaining claims, and Stop Staring timely appealed.

II

A.     New Trial on Liability

A district court can grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States," Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Fed. R. Civ. P. 59(a)(1)) (internal quotations omitted), including where "the verdict is against the weight of the evidence" and where "the trial was not fair to the party moving," id. (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)) (internal quotations omitted). Here, the district court determined that the verdict was against the weight of the evidence and granted a new trial. Having carefully reviewed the record in this case, we find no abuse of discretion given the weak evidence of a likelihood of confusion, Stop Staring's misuse of Exhibit 221, and the improper rebuttal argument by Stop Staring's counsel.

B.   New Trial on Damages

The district court granted a new trial on damages because it found Stop Staring presented weak evidence to show Bettie Page's allegedly infringing trade dress affected the companies' revenue streams.  The district court determined the jury's verdict relied on the testimony of Robert Wunderlich.  The district court concluded that Wunderlich's theories were unreliable because they lacked factual foundations, his conclusions were not disclosed in his expert report, he testified beyond his expertise, and, despite Stop Staring's assurance that Wunderlich would not testify as to causation, his testimony "was virtually the only testimony that established any impact of the trade dress on the business of either party."  The district court's conclusions had support in the record, and a new trial is appropriate where improper expert testimony affected the verdict.  See Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 467 (9th Cir. 2014) (en banc).


C.   Bettie Page's Motion in Limine to Exclude Stop Staring's Damages Expert Robert Wunderlich from a Second Trial

Evidentiary rulings, including motions in limine regarding expert testimony, will be reversed if the district court abused its discretion.  Stilwell v. Smith & Nephew, Inc., 482 F.3d 1187, 1191 (9th Cir. 2007).  Expert testimony is admissible

only if it is "both relevant and reliable." Barabin, 740 F.3d at 463 (quoting United States v. Vallejo, 237 F.3d 1008, 1019 (9th Cir. 2001)) (internal quotations omitted). District courts enjoy "broad latitude in determining the appropriate form of the [reliability] inquiry." Id. Here, the district court assessed Wunderlich's reliability and determined it to be unreliable and lacking expertise in the industry. The district court did not abuse its broad discretion by prohibiting Wunderlich from testifying at a future trial.

D.     The District Court's Dismissal of Claims for Unjust Enrichment and Lost Profits

The dismissal of a claim is a question of law entitled to de novo review. See Electro Source, Inc. v. United Parcel Serv., Inc., 95 F.3d 837, 838 (9th Cir. 1996). We consider the evidence, excluding Stop Staring's damages expert's testimony, and determine whether that evidence "permits only one reasonable conclusion as to the verdict." Id. (quoting Shakey's Inc. v. Covalt, 704 F.2d 426, 430 (9th Cir. 1983)) (internal quotations omitted). We review the evidence in the light most favorable to Stop Staring and draw all reasonable inferences in Stop Staring's favor. See id.

To obtain damages for lost profits or unjust enrichment, Stop Staring had to demonstrate Bettie Page's allegedly infringing trade dress caused a rise in Bettie Page's sales or a decline in Stop Staring's sales. See Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc., 778 F.3d 1059, 1076 (9th Cir. 2015) ("The trademark holder has the burden to prove the defendant infringer's gross revenue *from* the infringement." (emphasis added)). The district court dismissed Stop Staring's claim for unjust enrichment and lost profits because Stop Staring failed to show Bettie Page's alleged trade dress infringement caused an effect on either company's bottom line. On de novo review, we find no error in the district court's conclusion.

III

We **affirm** the district court in all respects.