**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2537
_____

ROBERT REPA; JEAN REPA, Husband and Wife,
                                              Appellants

v.

FRANK NAPIERKOWSKI; HILLTRUX TANK LINES, INC.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:19-cv-00101)
District Judge: Honorable Richard A. Lanzillo

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
April 19, 2023

_____

Before: HARDIMAN, PORTER, and FISHER
*Circuit Judges*.

(Filed: April 21, 2023)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Robert and Jean Repa sued Frank Napierkowski and Hilltrux Tank Lines for injuries that Robert sustained while he was directing traffic. A jury returned a verdict for the defendants, and the District Court denied the Repas' motion for a new trial. We will affirm both the District Court's denial of the motion for a new trial and its denial of a motion in limine to exclude video evidence.

I

In the early morning hours of May 2, 2017, Robert Repa, a volunteer fire police officer, stopped Frank Napierkowski's tractor trailer at a four-way intersection where Repa was directing traffic. Napierkowski intended to go straight through the intersection, but Repa directed him to turn left because of a fire at the Riverside Inn. Napierkowski slowly executed the turn and, in the process, struck Repa with his tractor trailer.

Repa and his wife, Jean, sued Napierkowski and his employer, Hilltrux Tank Lines. A jury found that Napierkowski was not negligent and returned a verdict for him and Hilltrux. The District Court denied the Repas' motion for a new trial. They appeal the denial of that motion, arguing that the District Court's jury instructions were improper and that the verdict was against the weight of the evidence. They also challenge the denial of a motion to exclude evidence.

## II

The District Court had federal diversity jurisdiction under 28 U.S.C. § 1332.[1] We have jurisdiction under 28 U.S.C. § 1291. We review an order denying a Rule 59 motion for a new trial and a decision to admit evidence for abuse of discretion. *City Select Auto Sales Inc. v. David Randall Assocs.*, 885 F.3d 154, 163 (3d Cir. 2018); *McKenna v. City of Phila.*, 582 F.3d 447, 460 (3d Cir. 2009). We exercise plenary review over a jury instruction's statement of the proper legal standard but consider a court's refusal to provide a proffered jury instruction for abuse of discretion. *O'Brien v. Middle East Forum*, 57 F.4th 110, 117 (3d Cir. 2023).

## III

On motion after a jury trial, a court may "grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). But "it should do so only when the great weight of the evidence cuts against the verdict and . . . a miscarriage of justice would result if the verdict were to stand." *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386 (3d Cir. 2016) (quotation marks and citation omitted). Inappropriately admitted evidence, improper jury instructions, and a verdict against the weight of the evidence are all acceptable grounds for a new trial. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

---

[1] The Repas are Pennsylvania citizens. Napierkowski is an Ohio citizen. And Hilltrux Tank Lines is incorporated and has its principal place of business in Ohio. The amount in controversy is greater than $75,000.

A

At trial, the Repas moved to exclude an aerial video of a tractor trailer making a left-hand turn at a four-way intersection. Because the video did not show the truck crossing onto the shoulder where the Repas claimed Robert was standing, they believed it was unfairly prejudicial. The District Court admitted the evidence and offered a limiting instruction:

> Ladies and gentlemen, you're about to see a video recreation from an aerial point of view. I caution you that this in no way depicts events on the evening of May 2nd, 2017. It is being offered solely for the purpose of illustrating what Mr. Napierkowski says occurred on that night as far as how he turned his vehicle.
>
> To the extent you observe anything else in the video, including any individuals who may be standing or visible, they are not there to indicate where anyone was standing on the night of the accident. The limited purpose of this video is to assist with Mr. Napierkowski's testimony regarding how he executed the turn. And the amount of the weight of the video you give is dependent upon the weight of the evidence you assign to Mr. Napierkowski's testimony.

App. 291. The Repas' counsel agreed that the limiting instruction was satisfactory.

A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. A party requesting a new trial based on improperly admitted evidence must show that the error affected a substantial right. *Leonard*, 834 F.3d at 400 (citing Fed. R. Evid. 103 & Fed. R. Civ. P. 61).

The Repas fail to explain how the video impacted a substantial right or influenced the jury. Instead, citing *Altman v. Bobcat Co.*, they argue that it should have been excluded because it did not depict events that were "substantially similar" to the accident.

4

349 F. App'x 758, 763 (3d Cir. 2009); *see* Appellant's Br. 43–47. In *Altman*, a nonprecedential opinion, we explained that video demonstrations closely resembling the accident generally require a foundational showing of substantial similarity with the actual accident. 349 F. App'x at 763 (citing *McKnight By & Through Ludwig v. Johnson Controls*, 36 F.3d 1396, 1402, 1403 (8th Cir. 1994)). Like the animated sketches in *Altman*, the video admitted here "does not appear even remotely to be a recreation of the accident," *id.* at 764—the video takes place during the day, nobody approaches the truck, and nobody is hit by the truck. Even more, the District Court's limiting instruction likely resolved any potential confusion and appropriately mitigated any possible prejudice.

Without a showing by the Repas that the admission of video evidence affected a substantial right, we cannot find that the trial court abused its discretion in denying the motion in limine to exclude evidence.

B

In the jury instructions, the District Court explained that Repa and Napierkowski owed each other a general duty of care:

> A driver has a duty to operate his vehicle in a manner so as not to expose others on the road to an unreasonable risk of harm. When a driver is starting his vehicle from a stopped position, he or she must ascertain whether he or she can make such a movement safely. Thus, a driver has a duty to maintain a proper lookout and to assure himself or herself that no pedestrians or other persons will be injured by his movement. At the same time, a person has a duty to use reasonable care to maintain the lookout for vehicles lawfully and foreseeably operated in the roadway.

App. 466. The Repas raised two objections in their motion for a new trial: Traffic officers, like Robert, owe a lesser duty of care when performing their duties in the street;

5

and it was error for the court not to define "roadway." But on appeal the Repas changed their argument about Robert's duty—they now say he owed a lesser duty because he was a pedestrian standing on the shoulder—so both theories are waived. *Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 187 (3d Cir. 2019) ("Waived arguments about jury instructions may not be resurrected on appeal."). We turn, then, to the court's refusal to define "roadway."

In denying the motion for a new trial, the District Court supplied three reasons for why it was not improper to refuse a definition of "roadway." First, the court explained that the term is "self-explanatory and within the common understanding of the jury." App. 34. Second, there was conflicting evidence presented at trial as to where Robert was standing and whether the boundary between the roadway and shoulder was distinguishable. And third, to the extent that the Repas sought a definition of "roadway" in support of a negligence per se charge, the District Court found that argument waived because it was not raised at trial.

We can affirm on the District Court's first basis. "As long as the instructions are accurate in substance and understandable to lay persons, the failure to use the exact words requested by counsel is not reversible error." *DiFiore v. CSL Behring, LLC*, 879 F.3d 71, 79 (3d Cir. 2018) (citation and quotation marks omitted). The District Court did not abuse its discretion by finding that "roadway" is a common term understandable to lay persons.

The Repas' argument that Napierkowski was negligent per se is waived because they did not timely raise it before the District Court. Even so, the argument is unavailing.

6

They point to two statutes from Pennsylvania's motor vehicle code, 75 Pa. Cons. Stat. §§ 3309 & 3544. But neither supports a negligence per se instruction.

Section 3309 states that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." The Repas do not point to any case law declaring whether a violation of § 3309 is negligent per se. But the statute "essentially expresses the familiar and flexible reasonable man standard" when it requires the driver to determine that movement from the traffic lane can be made with safety, so it likely "does not support a *per se* negligence shortcut." *Shamnoski v. PG Energy*, 858 A.2d 589, 602 (Pa. 2004); *see also Beaver Valley Power Co. v. Nat'l Eng'g & Contracting Co.*, 883 F.2d 1210, 1222 (3d Cir. 1989) (holding that a statute was unsuitable for a per se standard of negligence because "[t]he general exhortations to maintain the facility in a 'safe' condition and to take 'necessary' action to protect property at most tell the permit holder to act as the reasonable person would").

Section 3544, titled "Pedestrians walking along or on highway," makes it unlawful for *pedestrians* to walk on the roadway when a sidewalk is available and directs *pedestrians* where to walk in the absence of a sidewalk or shoulder. A defendant is negligent per se when he violates a legal duty to the plaintiff. *Grove v. Port Auth.*, 218 A.3d 877, 889 (Pa. 2019). Section 3544 addresses the legal duties of pedestrians, not vehicle operators. So it cannot support a negligence per se standard with respect to Napierkowski.

C

Finally, we turn to the Repas' argument that the verdict was against the weight of the evidence.

A party asserting that the verdict was against the weight of the evidence must establish that "(1) the jury reached an unreasonable result, and (2) the District Court abused its broad discretion in not setting the verdict aside." *Leonard*, 834 F.3d at 386. District courts have less freedom to scrutinize a jury verdict "[w]here the subject matter of the litigation is simple and within a layman's understanding." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir. 1991).

The Repas argue that the jury reached an unreasonable result because Napierkowski admitted his negligence when he testified that he would have been more careful in a crowded area and "took it for granted" that Repa would stay at a safe distance. App. 253. On the contrary, it is reasonable for a jury to believe that Napierkowski acted reasonably under the circumstances.

The standard for negligence, in this case, was reasonableness. Napierkowski was required to act as a reasonable truck driver, and Robert was required to act as a reasonable traffic officer. It would be reasonable for a jury to find that what qualifies as reasonable behavior on a country road in the morning darkness would not pass muster in a crowded downtown area during rush hour. Napierkowksi's testimony that he would have been more diligent under different circumstances does not demand a finding of negligence or render the jury's result unreasonable.

## IV

For the reasons stated above, we will affirm the District Court.