**Debra J. COOK and Gregory Charles Cook, Plaintiffs–Appellees,**

**v.**

**CAROLINA FREIGHT CARRIERS CORPORATION, Defendant–Appellant.**

**No. 88–8752**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1989.

John K. Miles, Jr., Atlanta, Ga., for defendant-appellant.

Larry R. Wight, Roswell, Ga., for plaintiff-appellees.

Before JOHNSON, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

Following a jury verdict for the defendant, Carolina Freight Carriers Corp., in this diversity action, plaintiffs timely moved for a judgment notwithstanding the verdict and alternatively for a new trial. The district court granted plaintiffs' motion for judgment notwithstanding the verdict as to Carolina Freight's liability and ordered a new trial to determine damages. Also, the district court conditionally granted plaintiffs' alternative motion for new trial in the event that its ruling on the judgment notwithstanding the verdict were overruled on appeal.

Defendant Carolina Freight appealed. Plaintiffs now move in this court to dismiss the appeal for lack of a final, appealable order. We agree with plaintiffs that this appeal should be dismissed for lack of jurisdiction.

■ Generally, an order of the district court determining the issue of liability, but leaving damages to be determined, is not a final, appealable order. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976). *See* 9 J. Moore, B. Ward, and J. Lucas, *Moore's Federal Practice* ¶ 110.07, at 108 n. 6 (2d ed. 1988) ("Where a summary judgment completely terminates the action it is, of course, a final judgment. An order, however, granting summary judgment but ordering that the case proceed to trial for determination of the amount of damages is not final."). In this case, the judgment of the district court granting plaintiffs' motion for judgment notwithstanding

the verdict determined only the liability of Carolina Freight, and left for future determination the amount of damages. Thus, that order was not a final, appealable order.

■ Carolina Freight argues that a different result is required by Fed.R.Civ.P. 50(c), which provides in relevant part as follows:

> If the motion for judgment notwithstanding the verdict, provided in subdivision (b) of this rule, is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, *the order thereon does not affect the finality of the judgment.* (emphasis added)

Carolina Freight argues that under Rule 50(c) both the judgment notwithstanding the verdict and the conditional grant of a new trial are final, appealable orders. We reject Carolina Freight's reading of Rule 50(c). As the emphasized language above quoted indicates, Rule 50(c) states that the conditional grant of a new trial will not "affect the finality of the judgment." Thus, if the judgment notwithstanding the verdict is itself a final, appealable order, the conditional grant of a new trial will not "affect the finality of the judgment."[1] However, if the judgment notwithstanding the verdict is not a final, appealable order, as in this case, we hold that Rule 50(c) cannot be read to make it appealable anyway.

The grant of a new trial in a civil case is ordinarily appealable only after the verdict in the new trial.[2] The purpose of the em-

---

1. Where the trial court rules on both a motion for judgment notwithstanding the verdict and on a motion for a new trial, "the ruling on the motion for new trial is a conditional one, and has no effect unless the entry of judgment n.o.v. is reversed on appeal." 5A J. Moore and J. Lucas, *Moore's Federal Practice* ¶ 50.13[1] at 50–98 (2d ed. 1988). *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2540, at 618 (1971) (If the trial court grants both the motion

for judgment notwithstanding the verdict and the motion for a new trial, "the grant of a new trial is conditional only and becomes effective only if the grant of judgment is reversed. The conditional grant of the new trial does not affect the finality of the judgment....").

2. *See Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 254, 61 S.Ct. 189, 196, 85 L.Ed. 147 (1940) ("Should the trial judge enter judgment

phasized language of Rule 50(c) is to create an exception to this general rule.[3] The purpose is not to convert into an appealable order an otherwise non-appealable judgment notwithstanding the verdict.

Accordingly, the instant appeal is DISMISSED.

n.o.v. and, in the alternative, grant a new trial on any of the grounds assigned therefor, his disposition of the motion for a new trial would *not ordinarily be reviewable,* and only his action in entering judgment would be ground of appeal."); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2540, at 616 (1971) ("If the trial court denies the motion for judgment but grants the motion for a new trial, the order, as is true of orders for a new trial generally, is not appealable and the new trial will proceed.").

3. *See* 9 J. Moore, B. Ward, and J. Lucas, *Moore's Federal Practice* ¶ 110.08[3], at 122 (2d ed. 1988) ("This departure from the normal rule that a motion granting a new trial is interlocutory and non-appealable is justified by the obvious fact that the principal judgment is clearly final; the new trial grant will never be effective unless the judgment is overthrown. Since the principal judgment is appealable, it would be wasteful to hold that the court of appeals cannot review all that happened below in the event that it holds the grant of judgment notwithstanding the verdict to have been erroneous."); *Anderson v. City of Atlanta,* 778 F.2d 678, 689 n. 15 (11th Cir.

1985) ("Generally, a district court's decision to grant a motion for a new trial is not appealable. However, if an appeal is *properly* taken from a judgment notwithstanding the verdict, the appellate court, on holding that the J.N.O.V. was erroneous, has the power to review a conditional order of the trial court granting a new trial.") (emphasis added); *Akermanis v. Sea–Island Service, Inc.,* 688 F.2d 898, 904 (2d Cir.1982), *cert. denied,* 461 U.S. 927, 103 S.Ct. 2087, 77 L.Ed.2d 298 (1983) (explaining that the result of Rule 50(c) "is review of a new trial order that would not have been appealable, if not accompanied by the granting of a motion for judgment n.o.v., until entry of judgment after retrial"); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2818, at 115 (1973) ("A distinction must be observed ... between appealability and reviewability. An order granting a new trial is not appealable, but it is certainly reviewable.... [I]f an appeal is properly taken from a judgment notwithstanding the verdict, the appellate court, on holding that that judgment was erroneous, has power to review a conditional order of the trial court, made pursuant to Rule 50(c), granting a new trial.").