**MEGADYNE MEDICAL PRODUCTS, INC., a Utah corporation, Plaintiff,**

v.

**ASPEN LABORATORIES, INC., a Colorado corporation, et al., Defendants.**

No. 91–CV–852J.

United States District Court, D. Utah, Central Division.

Feb. 28, 1994.

Rodney R. Parker, Max D. Wheeler, Harold G. Christensen, Snow, Christensen & Martineau, Larry G. Reed, Thomas N. Crowther, Crowther & Reed, James J. Lund, Taylor, Ennenga, Adams & Lowe, Salt Lake City, UT, Jonathan C. Dickey, Noemi C. Espinosa, William L. Anthony, Robert DeBerardine, Brobeck, Phleger & Harrison, Palo Alto, CA, for plaintiff.

Chris Wangsgard, Elizabeth S. Conley, Raymond J. Etcheverry, David G. Mangum, C. Kevin Speirs, Parsons Behle & Latimer, Salt Lake City, UT, Brewster Taylor, B. Aaron Schulman, Ross F. Hunt, Jr., Andrew E. Taylor, William E. Jackson, Larson & Taylor, Arlington, VA, David N. Webster, Caplin & Drysdale, Chartered, Washington, DC, for defendant.

## MEMORANDUM DECISION
## AND ORDER

JENKINS, District Judge.

### I. Introduction

Trial was conducted on this matter September 29 through October 13, 1993, before this Court. On October 13, 1993, the jury returned its special verdict, finding as follows: that plaintiff is the owner of United States Patent No. 4,785,807 ("the '807 patent"); that claims 1, 2, and 5 of the '807 patent are valid, enforceable, and infringed by defendant's gray and brown coated electrodes; that defendant's infringement of the '807 patent was willful; and, that $1.92 per infringing blade produced and sold is a reasonable royalty to be charged Aspen. On October 29, 1993, the Court entered Judgment in favor of MegaDyne Medical Products, Inc. ("Megadyne") and against Aspen Laboratories, Inc. ("Aspen"), in the amount of Two Million Ninety Two Thousand, Nine Hundred Forty–Five Dollars and Ninety Two Cents ($2,092,945.92), plus prejudgment interest and taxable costs.[1]

On November 12, 1993, Aspen filed its renewed motion for judgment as a matter of law or in the alternative a motion for remittitur or new trial on grounds that the jury awarded a legally excessive royalty per blade (dkt. 189). On November 15, 1993, Aspen filed the following motions: motion for a new trial pursuant to Federal Rule of Civil Procedure Rule 59, on grounds that the Court's "exclusion" of the court-appointed-expert's (Dr. John LaCourse, Ph.D.) testimony and report was prejudicial error (dkt. 191), and; renewed motion for judgment as a matter of law notwithstanding the jury verdict on grounds that no substantial evidence existed on the record to support the jury's verdict on the issues of infringement, willful infringement, and validity of claims 1, 2, and 5 of the '807 patent (dkt. 193).

The parties fully briefed Aspen's motions and on January 6, 1994, the Court held a hearing on the matters. After considering the record, paying particular attention to counsel's colloquy with the Court regarding Dr. LaCourse (Trial Transcript ("Tr.") Vol. VIII at 1047, Vol. IX at 1248–1258, 1338–1340), and after hearing counsel's arguments on the motion, the Court denied Aspen's motion for new trial pursuant to Rule 59. The Court denied Aspen's Rule 59 motion in open court because the Court did not preclude Aspen from calling Dr. LaCourse as a witness. The Court did, however, state several times that *it* did not intend to call Dr. LaCourse as its own witness. During trial, the Court made it a point to discuss the matter of Dr. LaCourse with Aspen's counsel in order to make its intentions clear:

> THE COURT: Secondly, while you are here, I want you to be clear about the matters that you previously brought to my attention. The suggestions that you had earlier, the impression of the Court was that you wanted the Court to call Mr. LaCourse as a witness, and I may be misleading you. I may be misleading you. The Court has indicated that he doesn't intend to call the good doctor as a witness.

> MS. CONLEY: That's right.

> THE COURT: And the Court has indicated its reasons for not wanting to call the good doctor as a witness. I don't want to have anybody be under the impression that the Court is in any way refusing to allow anybody to do anything in reference to calling persons as witnesses. People do what they do, and they run lawsuits as they run them, but the fact that you call him as a witness, if you do, doesn't necessarily mean that we will listen to him, but I don't want to make that determination prematurely, but I don't want the impression given or misunderstood, that I prohibited somebody from doing something. It is still a free country.

> . . . . .

> MS. CONLEY: What if I called him? Would you listen to him?

---

1. Specifically, the court entered judgment as follows: awarded Megadyne $1.92 per gray or brown coated electrode sold by defendant for a total of $1.046,472.96; doubled the damages pursuant to 35 U.S.C. § 284, based on the jury's finding of willful infringement and considering the total circumstances, and; declined to grant Megadyne's motion for attorneys' fees on grounds that this is not an exceptional case. *See* Judgment on Special Verdict (dkt. 188).

THE COURT: Well, that remains to be seen. I don't know what he's going to say at this time.

MS. CONLEY: Okay. I will let you know.

THE COURT: Yeah.

MS. CONLEY: I will give him a call.

THE COURT: You should all be concerned with the provisions of Rule 706, and particularly the amendments to Rule 706 that are fairly recent, but I don't want to, in any way, interfere with what powers that people have, and my prior indications may have been unclear. I was speaking for the Court, and I only felt that it was fair to call that to your attention.

Tr.Vol. IX at 1338–1340. The Court reserved on the remaining motions.

## II. Standards of Review

### A. Motion for Judgment as a Matter of Law Notwithstanding the Verdict ("judgment n.o.v.")

■ A motion for judgment as a matter of law is made pursuant to Rule 50(a)(1) of the Federal Rules of Civil Procedure, which provides:

If during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party on any claim, counterclaim, cross-claim, or third party claim that cannot under the controlling law be maintained without a favorable finding on that issue.

The Court reviews the evidence as it was presented at trial and in the light most favorable to the non-moving party. *Brown v. McGraw–Edison Co.,* 736 F.2d 609, 612–13 (10th Cir.1984); *Yazzie v. Sullivent,* 561 F.2d 183, 188 (10th Cir.1977). In determining whether to grant a motion for judgment n.o.v., the Court may not attempt to weigh the evidence, pass on any witnesses' credibility, or substitute its judgment for that of the jury. *Brown,* 736 F.2d at 613.[2]

### B. Motion for a New Trial

■ Federal Rule of Civil Procedure 59(a) provides:

A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States....

A new trial may be appropriate where the jury verdict is against the weight of the evidence, the damages are excessive, a party was prejudiced by erroneous evidentiary rulings, or the trial was not fair to the moving party. *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147 (1940); *Holmes v. Wack,* 464 F.2d 86, 88–89 (10th Cir.1972); *Medtronic, Inc. v. Intermedics, Inc.,* 799 F.2d 734, 740–41 (Fed. Cir.1986). The standard for granting a motion for a new trial is less stringent than the standard applied when considering a motion for judgment n.o.v.. In granting a motion for new trial, the court must find that the jury verdict is "clearly, decidedly or overwhelmingly against the weight of the evi-

2. Aspen incorrectly asserts that the standard of review in this case is exclusively governed by Federal Circuit law. Contrary to Aspen's assertion, *Biodex Corp. v. Loredan Biomedical, Inc.,* 946 F.2d 850 (Fed.Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 2957, 119 L.Ed.2d 579 (1992), does not stand for this proposition. In *Biodex,* the court merely dealt with what law it would apply to determine whether or not a jury's findings in a patent case were reviewable on appeal *absent any post-verdict motions. Id.* at 858. In the interests of uniformity, the *Biodex* court determined to use Federal Circuit law rather than defer to regional circuit law in regards to the particular issue before them. *Id.* at 859.

As a general rule, the Federal Circuit reviews procedural matters, that are not unique to patent issues, under the law of the regional circuit in which the district court sits and defers "to the law of the regional circuit when addressing substantive legal issues over which it does not have exclusive subject matter jurisdiction." *Payless Shoesource, Inc. v. Reebok Intern. Ltd.,* 998 F.2d 985, 987 (Fed.Cir.1993) (citing *Panduit Corp. v. All States Plastic Mfg. Co.,* 744 F.2d 1564, 1574–75 (Fed.Cir.1984) ("The requirement to obey the law of its circuit causes ... district judges ... to follow the substantive patent law as set forth by [the Federal Circuit] in "patent" cases and to follow the "general" laws as set forth by their regional circuit court in non-patent cases.")).

dence." *Prebble v. Brodrick,* 535 F.2d 605, 617 (10th Cir.1976) (citing *Locke v. Atchison, Topeka & Santa Fe Ry. Co.,* 309 F.2d 811, 817 (10th Cir.1962); *Brown v. McGraw–Edison Co.,* 736 F.2d at 616. It must be clear that an erroneous result was reached. *Frank v. Bloom,* 634 F.2d 1245, 1254 (10th Cir.1980). In contrast to a motion for judgment n.o.v., when determining whether or not to grant a motion for new trial, the Court may consider witness credibility and the weight of the evidence. 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2531, at 575 (1971).

## C. Remittitur

■ A jury verdict may only be remitted when the award is "so excessive or inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial." *Karns v. Emerson Elec. Co.,* 817 F.2d 1452, 1460 (10th Cir.1987) (quoting *Barnes v. Smith,* 305 F.2d 226, 228 (10th Cir.1962). If a damages award is deemed excessive, but does not taint the finding of liability, a court may order a remittitur. *Mason v. Texaco, Inc.,* 948 F.2d 1546, 1560 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992).

## III. Discussion

### A. Aspen's Renewed Motion for Judgment as a Matter of Law or in the Alternative a Motion for Remittitur or New Trial

Aspen argues that upon finding Aspen liable for infringing the '807 patent, the jury awarded a legally excessive royalty per blade and that therefore Aspen is entitled to judgment as a matter of law with respect to the damage award. In the alternative, Aspen argues that it is entitled to a remittitur or a new trial because the jury's verdict is contrary to the law and to the Court's instructions.

At trial, Megadyne sought a reasonable royalty as its damages. The Court instructed the jury that a "reasonable royalty" is determined by imagining a hypothetical negotiation between a willing buyer [the infringer/Aspen] and a willing seller [the patent owner/Megadyne] and attempting to determine what royalty the buyer and seller would have agreed on at the time the infringement began, based on the facts that existed at that time. *See* Jury Instruction Nos. 60–62; *Trans–World Mfg. Corp. v. Al Nyman & Sons, Inc.,* 750 F.2d 1552, 1568 (Fed.Cir.1984). The Court also instructed the jury as to the various factors it could consider when determining what a reasonable royalty should be. *See* Jury Instruction No. 60–62. The Court further instructed the jury that "[a] royalty would not be 'reasonable' if it would not leave Aspen with a reasonable profit after payment of the royalty." Jury Instruction No. 61; *see Hanson v. Alpine Valley Ski Area, Inc.,* 718 F.2d 1075, 1081 (Fed.Cir.1983).

Aspen asserts that the jury's royalty award of $1.92 per infringing blade is contrary to law and to the jury instructions discussed above because there is no evidence that the awarded royalty leaves Aspen with a reasonable profit and that even if there was substantial evidence to support the awarded amount, the verdict must be set aside as a matter of law because a reasonable royalty cannot be higher than the excess profit. Aspen is mainly concerned with the fact that the jury's royalty award exceeds Aspen's *actual* profit gained per infringing blade sold.

■ The jury was instructed to determine what royalty rate a willing licensee would accept and a willing licensor would grant at the time of the negotiations, not on the basis of hindsight as to what actually happened. *Hanson,* 718 F.2d at 1081. A reasonable royalty does not reflect the infringer's actual profits, but rather the parties' expectations and bargaining positions at the time the infringement began. *State Indus. Inc. v. Mor–Flo Indus., Inc.,* 883 F.2d 1573, 1580 (Fed.Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 725, 107 L.Ed.2d 744 (1990); *Radio Steel & Mf. Co. v. MTD Products, Inc.,* 788 F.2d 1554, 1557 (Fed.Cir.1986); *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,* 575 F.2d 1152, 1158 (6th Cir.1978). The reasonable royalty measure *does not* guarantee the infringer an actual residual profit. 5 CHISUM, PATENTS § 20.03[3] (1993) (citing *Panduit,* 575 F.2d at 1164); *State Indus.,* 883

F.2d at 1580 ("There is no rule that a royalty be no higher than the infringer's net profit margin.") Aspen fails to show this Court that the jury's royalty award would not have allowed it a reasonable profit had it negotiated a license instead of infringing. Aspen could have avoided infringement and paid Megadyne an agreed royalty. Instead, it chose to infringe the patent and risk litigation and now must live with the consequences.

■ The Court finds that the evidence is sufficient to support the jury's selection and award of the $1.92 per blade royalty. The evidence presented indicates that Aspen sold the infringing blades for $1.83 less than Megadyne sold their patented blades (Pl.Ex. 279). *See* Tr. Testimony of Kay Cornaby, Vol. V at 614–645. Additionally, Megadyne presented evidence to the jury that the market would support a selling price of $4.55 per blade. *Id.* The hypothetical negotiations would involve a market place confrontation between the parties, the outcome of which would depend upon various factors existing at the time. The jury justifiably could have calculated its royalty based on its consideration of a variety of the factors provided in the Court's instructions, which could have included Aspen's ability to sell the blades at a higher price and still obtain a reasonable profit. *See id.* at 642–643; *see also* Tr. (Testimony of Robert C. Miller) at 1415–1420. The amount awarded by the jury is within the boundaries of the evidence and will not be disturbed.

**B. Aspen's Renewed Motion for Judgment as a Matter of Law Notwithstanding the Jury Verdict ("judgment n.o.v.")**

Aspen argues that it is entitled to judgment as a matter of law because there is no substantial evidence on the record to support the jury's verdict on the issues of infringement, willful infringement, and validity of claims 1, 2, and 5 of the '807 patent.

Federal Rule of Civil Procedure 50(b) provides in pertinent part:

Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not

granted … [s]uch a motion may be renewed by service and filing not later than 10 days after entry of judgment.

Megadyne argues that Aspen is barred from seeking judgment n.o.v. because although Aspen moved for a directed verdict on the issues of infringement and willful infringement at the close of plaintiff's evidence, it failed to renew that motion at the close of all evidence, and never moved for a directed verdict on the validity issue.

**C. Validity**

Megadyne argues that Aspen is barred from seeking judgment n.o.v. on the issue of validity because Aspen failed to move for a directed verdict on that issue at trial. Aspen asserts, however, that at the close of Megadyne's case in chief, it moved for a directed verdict that claims 1, 2, and 5 of the '807 patent were invalid and not infringed and not willfully infringed. Aspen presented its motion both orally and in written form. *See* Motion Under Rule 50(a) for Judgment as a Matter of Law, dated October 4, 1993 (dkt. no. 173); Tr. at 652–675.

■ Upon reviewing the record and considering counsel's arguments, it is clear that Aspen did not specifically move for a directed verdict on the validity issues. In its motion, however, Aspen did discuss the patent's validity in relation to the infringement and willful infringement issues. *See id.* at 12–13. Aspen correctly points out that the Tenth Circuit recognizes technical precision is not necessary to satisfy Rule 50's specificity requirement as long as the Court is aware of movant's position. *Aguinaga v. United Food and Commercial Workers Int'l Union,* 993 F.2d 1463, 1470 (10th 1993); *Anderson v. United Telephone Co. of Kansas,* 933 F.2d 1500, 1502–05 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 375, 116 L.Ed.2d 327 (1991); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2537 at 597 (West 1971). A motion for judgment n.o.v., however, "cannot assert new matters not presented in the motion for directed verdict." *Anderson,* 933 F.2d at 1503. This Court fails to see how Aspen's motion made at the end of Megadyne's case in chief, raising the issue of sufficiency of evidence as to

Megadyne's claims, put either Megadyne or the Court on notice that Aspen also sought a directed verdict on its affirmative defenses prior to presenting its case in chief. At the time Aspen moved for directed verdict, the sufficiency of the evidence concerning the patent's validity was not ripe for review. It was Aspen's burden to proceed first on this issue and attempt to prove its claim that Megadyne's patent is invalid. *SSIH Equipment S.A. v. U.S. Intern. Trade Com'n*, 718 F.2d 365, 375 (Fed.Cir.1983); *ACS Hosp. Systems, Inc. v. Montefiore Hosp.*, 732 F.2d 1572, 1575 (Fed.Cir.1984). It was not Megadyne's burden to prove validity. An issued patent is presumed valid. 35 U.S.C. § 282.[3] In this case, Aspen had both the burden of proceeding and persuasion on the validity issues and a motion for directed verdict on that issue at the close of Megadyne's case cannot be readily inferred.

"A party is precluded from relying upon grounds in a motion for judgment notwithstanding the verdict that were not previously raised in support of the motion for a directed verdict." *First Security Bank of Beaver, Oklahoma v. Taylor*, 964 F.2d 1053, 1057 (10th Cir.1992). Aspen failed to raise the issue of the patent's validity in any motion for directed verdict. Accordingly, this Court finds that Aspen's motion for a judgment n.o.v. on the issue of the '807 patent's validity is untimely under Rule 50(b) and will not be considered.

### D. Infringement and Willful Infringement

 Aspen moved for a directed verdict on the issues of infringement and willful infringement at the close of Megadyne's case, but failed to renew the motion at the close of all the evidence. "As a general rule, a defendant's motion for a directed verdict made at the close of the plaintiff's evidence is deemed waived if not renewed at the close of all the evidence; failure to renew that motion bars consideration of a later motion for judgment n.o.v." *Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1455 (10th Cir.1987); *see also*

Rule 50(b) Advisory Comm. Notes; 5A MOORE & LUCAS, MOORE'S FEDERAL PRACTICE ¶ 50.08 at 50–79 (1986). The Tenth Circuit recognizes the following limited exception to the general rule:

[A] defendant's failure to move for a directed verdict at the close of all the evidence [does] not bar consideration of a later motion for judgment n.o.v. when (1) the defendant moved for directed verdict at the close of the plaintiff's evidence; (2) the trial Court, in ruling on the motion, somehow indicated that renewal of the motion would not be necessary in order to preserve the issues raised; and (3) the evidence introduced after the motion was brief.

*Karns*, 817 F.2d at 1456 (citing *Armstrong v. Federal National Mtg. Assoc.*, 796 F.2d 366, 370 (10th Cir.1986)).

In this case, Aspen moved for directed verdict on the issues of infringement and willful infringement at the close of Megadyne's case in chief. At that time, the Court reserved on Aspen's motion for a directed verdict and let Aspen proceed with its case. Tr. at 675. Although the Tenth Circuit has not directly considered the question, some circuits hold that such reservation "maintains the motion as a continuing objection to the sufficiency of the evidence, provides notice to the opposing party of the challenge, and constitutes a judicial indication that renewal of the motion is not necessary to preserve the moving party's rights." *Farley Transp. Co. v. Santa Fe Transp. Co.*, 786 F.2d 1342, 1346 (9th Cir.1985); *Ebker v. Tan Jay Intern., Ltd.*, 739 F.2d 812, 823 (2d Cir.1984), *cert. denied*, —— U.S. ——, 112 S.Ct. 161, 116 L.Ed.2d 126 (1991). Aspen's counsel could possibly have understood the Court's reservation on the motions made at the close of Megadyne's case to be an indication that renewal of the motion would not be necessary in order to preserve the issues raised:

THE COURT: Okay. Well I'm going to, at this point, reserve on your motions and

---

**3.** "Each claim of a patent (whether independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims. . . . The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." *Id.*

let you go ahead. Any good reason why we should not bring in the jury?
Tr. at 675.

Although the first and second elements of the *Armstrong* exception are arguably met in this case, Aspen fails to meet the third element. Aspen made its motion for directed verdict on October 4, 1993. For the next three days Aspen presented its case to the jury, examined numerous witnesses and presented a myriad of exhibits. On October 8, 1993, at the close of all the evidence, Megadyne presented its rebuttal case and made its own motion for directed verdict on which the Court reserved its ruling. The parties gave closing arguments on October 12, 1993, and at 4:30 p.m. that day, the jury began its deliberations. On October 13, 1993, the jury returned its verdict in favor of Megadyne.

The evidence presented subsequent to defendant's motion was definitely not "brief," nor so inconsequential that it could not conceivably have changed the Court's decision on the defendant's motion for a directed verdict. *See* 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2537, at 598 (West 1971); *Gillentine v. McKeand,* 426 F.2d 717, 722–23 (1st Cir.1970). The evidence presented subsequent to the defendant's unrenewed motion "was of such a character that the opposing party could reasonably have thought that the moving party's initial view of the insufficiency of the evidence had been overcome and there was no need to produce anything more in order to avoid the risk of judgment n.o.v." *Ebker,* 739 F.2d at 824. Where as here, the evidence subsequently presented is substantial, it may well change the parties' initial view of the sufficiency of plaintiff's case.[4] *Id.* Accordingly, the Court finds that the third element of the *Armstrong* exception is not met in this case.

Because Aspen failed to renew its motion for directed verdict at the close of all the evidence and the limited *Armstrong* exception does not apply in this case, the Court cannot properly consider Aspen's current motion for judgment n.o.v. The case was submitted to the jury without objection by Aspen, who may not now in this forum attempt to challenge the sufficiency of the evidence supporting the jury's verdict. Good cause thus appearing therefor,

**IT IS ORDERED** that defendant's Motion for a New Trial Pursuant Fed.R.Civ.P. 59 is DENIED, the defendant having failed to show that it was prejudiced by erroneous evidentiary rulings, *Medtronic, Inc. v. Intermedics, Inc.,* 799 F.2d 734, 740–41 (Fed. Cir.1986); *Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp.,* 571 F.2d 1144, 1148–49 (10th Cir.1978), or that the trial was unfair as to defendant. *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147 (1940);

**IT IS FURTHER ORDERED** that defendant's Motion for Judgment as a Matter of Law pursuant to Fed.R.Civ.P. 50 on grounds that no substantial evidence existed on the record to support the jury's verdict on the issues of infringement, willful infringement, and validity is DENIED, the defendant having failed to meet the procedural requirements set forth in the Rule;

**IT IS FURTHER ORDERED** that defendant's Motion for Judgment as a Matter of Law pursuant to Fed.R.Civ.P. 50 on grounds that the jury awarded a legally excessive royalty is DENIED, the defendant having failed to show that "the evidence points but one way and is susceptible to no reasonable inferences which may sustain the position of the party against whom the motion is made." *Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 634 (10th Cir.1988);

**IT IS FURTHER ORDERED** that defendant's Motion for New Trial pursuant to Fed.R.Civ.P. 59(a) is DENIED, the defendant having failed to establish grounds sufficient to warrant a new trial, *e.g.,* that the verdict "is clearly, decidedly, or overwhelmingly against the weight of the evidence," *Black v. Heib's Enterprises, Inc.,* 805 F.2d 360, 363 (10th Cir.1986); *Prebble v. Brodrick,* 535 F.2d 605, 617 (10th Cir.1976); that the record is tainted by prejudicial error, *Ras-*

---

4. The fact that Megadyne felt so strongly about its position that it moved for directed verdict on both the issues of validity and infringement deci-

mates any argument that the evidence presented was inconsequential. *See* Tr. at 1494–1532.

mussen Drilling, Inc. v. Kerr–McGee Nuclear Corp., 571 F.2d 1144, 1148–49 (10th Cir. 1978), that jury passion and prejudice resulted in an excessive damages award, *Mason v. Texaco, Inc.,* 948 F.2d 1546, 1561 (10th Cir. 1991), or that substantial justice has not been done. *See Holmes v. Wack,* 464 F.2d 86, 88–89 (10th Cir.1972); and

**IT IS FURTHER ORDERED** that defendant's request for remittitur or new trial is DENIED. Defendant has not successfully shown that the amount of damages awarded by the jury is "so excessive as to shock the judicial conscience and raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial," *Karns v. Emerson Electric Co.,* 817 F.2d 1452, 1460 (10th Cir.1987) (emphasis added) (quoting *Barnes v. Smith,* 305 F.2d 226, 228 (10th Cir.1962)); *accord, Wulf v. City of Wichita,* 883 F.2d 842, 874 (10th Cir.1989);

**IT IS FURTHER ORDERED** that the unrenewed motions, in their abbreviated form and reserved by the Court at the time they were made, are DENIED as well.