**Mario GOICO, Plaintiff,**

v.

**The BOEING COMPANY, Defendant.**

**No. 02–1420–WEB.**

United States District Court,
D. Kansas.

Feb. 17, 2005.

Deena Hyson Bailey, Jeff C. Spahn, Jr., Martin, Pringle, Oliver, Wallace & Bauer, LLP, Wichita, KS, for Plaintiff.

Forrest T. Rhodes, Jr., Mikel L. Stout, Mary K. Babcock, Foulston Siefkin LLP, Wichita, KS, for Defendant.

Emily B. Metzger, Office of United States Attorney, Wichita, KS, for Movant.

### Memorandum and Order

WESLEY E. BROWN, Senior District Judge.

This matter is before the court on defendant Boeing's Motion for New Trial or, in the alternative, to Amend the Judgment. The parties are familiar with the history of the case and it will not be repeated here. Boeing seeks a remittitur of the jury's compensatory damage award or, alternatively, a new trial. If the court denies a new trial, Boeing argues the court should strike the awards for punitive and liquidated damages and should order a remittitur of the back pay. The court finds that oral argument would not assist in deciding the issues presented.

■ Defendant's motion is premised on Rule 59(a) and (e).[1] Under Rule 59(a), a

---

**1.** Boeing's Reply Brief (Doc. 166) also cites Rule 50(b), but that rule was not cited or relied upon in Boeing's opening brief. *See* Docs. 156, 157. Accordingly, the court will not consider Boeing's arguments relating to Rule 50. *See Boilermaker–Blacksmith Nat. Pension Fund v. Gendron,* 67 F.Supp.2d 1250, 1257 n. 4 (D.Kan.1999) (a party is generally prohibited from raising new arguments and

new jury trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Under this rule, a new trial is generally warranted only when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias. *See Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940).

### I. *Compensatory Damages.*

The jury awarded compensatory damages in the amount of $625,000. Pursuant to 42 U.S.C. § 1981a, the judgment entered by the court limited the compensatory (and punitive) damages to $300,000.

■ Boeing argues this award is excessive in light of the evidence presented at trial and the awards for compensatory damages in similar cases. Def. Mot. at 3. It contends the only evidence offered in support of such damages was the testimony of plaintiff and his wife that plaintiff had trouble sleeping because of Boeing's actions. Moreover, Boeing maintains that the testimony showed plaintiff's difficulties arose in significant part from matters unrelated to the discrimination found by the jury, including matters that occurred before plaintiff was turned down for the two test-pilot positions. Boeing cites *Wulf v. City of Wichita,* 883 F.2d 842 (10th Cir. 1989) as instructive, noting that *Wulf* reduced a compensatory damage award from $250,000 to $50,000 where there was testimony that the plaintiff had been depressed, scared, frustrated and angry from having suffered discrimination. The court did so in part by examining awards in comparable cases. *Id.* at 876. Boeing ar-

gues the Tenth Circuit has continued to follow *Wulf* to correct excessive damage awards. *Citing Fitzgerald v. Mountain States Tel. & Tel. Co.,* 68 F.3d 1257, 1266 (10th Cir.1995) (Ordering new trial on damages where jury's verdict was the result of passion or prejudice).

■ In the court's view, the jury's award of compensatory damages in this case was generous, particularly in view of the fact that plaintiff was not terminated by Boeing but has continued his employment as a Boeing engineer and has continued to be compensated accordingly. But as plaintiff repeatedly points out in his brief—lest the point be lost on the court—the fact that the award might seem high to the court is not sufficient to warrant a new trial or remittitur, nor does it permit this court to substitute its judgment for that of the jury. "[A]bsent an award so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the damages is considered inviolate." *Fitzgerald, supra (citing Malandris v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 703 F.2d 1152, 1168 (10th Cir.1981) (en banc), *cert. denied,* 464 U.S. 824, 104 S.Ct. 92, 78 L.Ed.2d 99 (1983)). Although "plainly excessive" damages could support an inference that bias, passion or prejudice influenced the award, *Fitzgerald,* 68 F.3d at 1262, the court cannot say that this award was plainly excessive or that it resulted from some improper consideration. The evidence at trial could allow a reasonable jury to conclude that plaintiff suffered extensive humiliation, emotional pain, suffering and mental anguish as a result of the unlawful discrimination. *Cf. Kim v. Nash Finch Co.,* 123 F.3d 1046, 1065 (8th Cir.1997) (a plaintiff's own testimony, along with the circum-

issues in a reply brief); *Plotner v. AT & T Corp.,* 224 F.3d 1161, 1175 (10th Cir.2000).

stances of a particular case, can suffice to sustain plaintiff's burden of producing competent evidence to support damages for emotional distress). The jury could consider plaintiff's testimony concerning the physical manifestations of his distress, as well as the corroborating testimony of his wife. The jury was also entitled to consider all of the circumstances presented at trial, including the emotional impact of the discrimination on the plaintiff, the humiliation he experienced from continuing to work among those who discriminated against him, the mental anguish from being denied what he testified was his lifelong dream, and the impact of having his complaint to Boeing result not in a correction of the problem, but in unlawful retaliation for his complaint. The jury could also conclude—if it believed plaintiff's evidence—that Boeing employees falsely denigrated his abilities as a pilot in order to mask Boeing's unlawful discrimination. The jury heard plaintiff and others testify concerning the incident, and could rationally determine from the evidence that the discrimination caused plaintiff grave distress and humiliation. *See Schneider v. City and County of Denver,* 47 Fed.Appx. 517, 2002 WL 1938583 (Aug. 22, 2002) ("[t]he jury had the opportunity to observe [plaintiff] and the other witnesses and to credit or discredit their testimony regarding [plaintiff's] alleged mental anguish."). Given the evidence, an award of $300,000 in compensatory damages is supported by substantial evidence and does not "shock the conscience" of the court. *Cf. Eich v. Bd. of Regents for Central Missouri State Univ.,* 350 F.3d 752, 763 (8th Cir.2003) (district court erred in ordering remittitur of $200,000 compensatory damage award for sex discrimination; court failed to give plaintiff the benefit of all reasonable inferences from the evidence); *Cf. Madison v. IBP, Inc.,* 330 F.3d 1051, 1054 (8th Cir. 2003) (affirming award of $266,750 in emotional distress damages); *Rowe v. Huss-*

*mann Corp.,* 381 F.3d 775, 783 (8th Cir. 2004) ($500,000 award for emotional distress not excessive in view of evidence of repeated abuse and threats); *Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1040–41 (9th Cir.2003) (upholding award of emotional distress damages of $223,155 where plaintiff testified he had been denied his dream of working in the U.S. as a result of defendant's discrimination); *Bogle v. McClure,* 332 F.3d 1347, 1359 (11th Cir.2003) (affirming award of $500,000 in emotional damages based on plaintiffs' testimony as to emotional pain caused by racially-based transfers); *Peyton v. DiMario,* 287 F.3d 1121, 1128 (D.C.Cir.2002) (statutory maximum award of $300,000 for compensatory damages was not excessive where the evidence showed discrimination had a material effect on plaintiff and @her quality of life). The amount of damages presented a question for the jury, and the jury made a determination based upon the evidence presented. It was within the province of the jury to make such an award. The court concludes that the jury's determination was supported by the evidence and does not present an appropriate basis for new trial or remittitur.

## II. *Punitive Damages.*

In addition to compensatory damages, the jury awarded punitive damages in the amount of $1,500,000. In keeping with the limitation on damages in 42 U.S.C. § 1981a, the judgment entered by the court included the aforementioned $300,000, representing the permissible limit for both compensatory and punitive damages. Boeing argues that the evidence at trial was insufficient to support an award of any punitive damages under Title VII.

Punitive damages are available under Title VII if the plaintiff demonstrates

that his employer engaged in a discriminatory practice "with malice or with reckless indifference" to the plaintiff's federally protected rights. 42 U.S.C. § 1981a(b)(1). "Malice" or "reckless indifference" exists if the plaintiff shows that the employer discriminated "in the face of a perceived risk that its actions [would] violate federal law." *Kolstad v. American Dental Assoc.*, 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999).

The court was indeed concerned about submitting plaintiff's punitive damage claim to the jury in this case. There was uncontroverted evidence at trial that Boeing not only had a clear anti-discrimination policy in effect during the events in question, but also that it made extensive efforts to educate its employees about the policy. Moreover, the uncontroverted evidence showed that Boeing retained plaintiff as an Engineer, gave him raises throughout this period despite his complaint against Boeing, and accommodated his political schedule as a state representative, all of which tended to negate any inference of malice or reckless indifference on Boeing's part. Nevertheless, the court submitted the issue to the jury because of evidence which—when viewed in the light most favorable to plaintiff—could raise a question about whether or not Boeing made a good-faith effort to enforce its policy in this instance. In applying the *Kolstad* standard in *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir.2002), the Tenth Circuit noted that "even if an employer-defendant adduces evidence showing it maintains on paper a strong non-discrimination policy and makes good faith efforts to educate its employees about that policy and Title VII, a plaintiff may still recover damages if she demonstrates that the employer failed to adequately address Title VII violations of which it was aware." *See also Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088 (10th Cir.2005) (noting that company failed to conduct credible investi-

gation until months after reported incident); *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 482–83 (7th Cir.2003) (evidence was sufficient for jury to believe that defendant failed to engage in good faith efforts at Title VII compliance after it became aware of plaintiff's retaliatory discharge claim).

■ Be that as it may, in view of the court's determination above that a compensatory damage award of $300,000 is permissible in this case, the court concludes that Boeing's argument relating to punitive damages is moot insofar as the instant motion is concerned. Inasmuch as the compensatory damage award alone fully exhausts the $300,000 limit of § 1981a, a determination of whether or not punitive damages are an additional permissible component of the judgment will not affect the judgment. Accordingly, the court need not rule on Boeing's argument.

### III. *Liquidated Damages.*

■ In accordance with the jury's verdict finding that Boeing's age discrimination against plaintiff was willful, the judgment entered includes $30,998 in liquidated damages. *See* 29 U.S.C. § 626(b) (liquidated damages payable in cases of willful violations of ADEA). Boeing contends the evidence fails to support any claim for liquidated damages.

■ To prove willful discrimination, a plaintiff must establish that the "employer either knew or showed reckless disregard" as to whether its conduct violated the ADEA. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). The evidence in this case showed that plaintiff complained to Boeing that he was being discriminated against on account of age before Boeing made a final decision on the two test-pilot positions. Boeing was thus alerted to the possibility that its conduct might be in violation of the

ADEA. Despite this, there was evidence from which a jury could conclude that Boeing made no significant effort to ensure that age was not a consideration in the decision not to select plaintiff as a pilot. A reasonable jury could further find—assuming it believed plaintiff's evidence—that plaintiff's complaint drew the ire of the primary decision-maker, Art Meadows, and that it led others to provide false or misleading information to Meadows concerning plaintiff's qualifications. Without attempting to recount here the extensive trial evidence relating to the hiring decision, the court simply notes there are a number of inferences in the record from which a reasonable jury could conclude that Boeing's violation of the ADEA showed reckless disregard for plaintiff's rights, such that the violation of the ADEA was willful. Accordingly the court will deny defendant's motion insofar as it is predicated on the award of liquidated damages.

### IV. *Back pay.*

■ Boeing's final argument is that the jury's back pay award is against the weight of the evidence because it improperly included an annual bonus and the value of FSP contributions that plaintiff would not have received had he been chosen for a test-pilot position.

The determination of how much compensation plaintiff would have received as a pilot, and the question of how much he will likely receive as an engineer, are questions of fact the jury was entitled to resolve based on the evidence presented. It would be speculation for this court to assume, as Boeing argues, that the jury "blindly accepted plaintiff's backpay request without accounting for the 2002 EIP bonus or the FSP payments...." *Cf. United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1228 (10th Cir.2000) (argument as to how jury arrived at damage figure "requires us to speculate as to the jury's deliberations and calculations."). As plaintiff points out, the jury could have concluded from the evidence that plaintiff likely would have received a somewhat higher salary as a pilot than Boeing estimated, and it may have adjusted its determination of back pay accordingly. The jury's determination that plaintiff was entitled to $30,998 in back pay is "within the range of proof" presented and does not constitute grounds for a new trial or remittitur. *See Id. See also Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1123 (10th Cir. 2004) ("[E]ven where a persuasive explanation of the jury's damages award indicates an award contrary to law, the possibility of a proper explanation, however slight the chance, will suffice to sustain the damages award.") (*Citing Telecor Communications, Inc. v. Southwestern Bell*, 305 F.3d 1124, 1143 (10th Cir.2002)).

### V. *Conclusion.*

It is apparent, as plaintiff argues, that the jury believed the plaintiff's evidence. Regardless of how the court might have been inclined to view the evidence had it been the trier of fact, the conflicting facts as presented by plaintiff makes the jury's determination a permissible one under the evidence presented.

Accordingly, the court concludes that defendant Boeing's Motion for New Trial or to Amend the Judgment (Doc. 156) should be, and is hereby, DENIED. Plaintiff Mario Goico's Motion to Strike or for Leave to File Surreply (Doc. 168) is DENIED as moot.